Argued May 7, reversed and remanded August 2, 1973

DEMERS, *Appellant, v.* MEURET, *Respondent.*

512 P2d 1348

*Stanley E. Clark,* Redmond, argued the cause and filed a brief for appellant.

*R. L. Marceau,* Bend, argued the cause for respondent. With him on the brief were McKay, Panner, Johnson, Marceau & Karnopp, Bend.

DENECKE, J.

This is an action for damages caused by alleged slander. The trial court sustained defendant's demurrer to plaintiff's complaint and plaintiff appeals.

Defendant urged as one ground for her demurrer that the complaint did not state a cause of action because no special damages were alleged. Plaintiff counters that he alleged slander per se and, therefore, no allegation of special damages is necessary. The issue is whether plaintiff alleged a cause of action for slander per se.

The complaint alleged that the plaintiff was the president of a concern which operates an airport under a lease from the City of Madras; that at a meeting of the Airport Commission, which represents the city in regard to plaintiff's lease, the defendant stated to the commission:

> "What kind of protection can you give us from this terrible, mean, demented old man and what kind of protection do we have, * * * he might come out and chop our airplanes up with an axe."

■■ Words actionable per se include words "falsely spoken of a party which prejudice such party in his or her profession or trade." *Barnett v. Phelps,* 97 Or 242, 245, 191 P 502, 11 ALR 663 (1920). Such words can be interpreted to mean that the defendant stated

that the plaintiff was insane and might damage airplanes at the airport. Such words could be found by the trier of fact to prejudice the plaintiff in his business of operating an airport.

> "A, falsely and without a privilege, says to B that C, a merchant, is insane. A is liable to C." 3 Restatement 180, Torts, § 573, Illustration 6. Accord, Prosser, Torts, 758 (4th ed 1971).

■ The other ground for the demurrer was that the statement was absolutely privileged. The trial court sustained the demurrer because, "[i]t is the court's view that the Airport Commission is quasi-judicial in character * * *."

The defendant primarily relies upon *Ramstead v. Morgan,* 219 Or 383, 347 P2d 594, 77 ALR2d 481 (1959). Following *Ramstead v. Morgan* we held today in *Moore v. West Lawn Memorial Park, Inc.,* 266 Or 244, 512 P2d 1344, that an absolute privilege is accorded to the writer of a communication to the State Board of Funeral Directors and Embalmers who were considering a license application by the defamed subject of the communication. We find, however, that the principle of *Ramstead,* followed in *Moore v. West Lawn Memorial Park, Inc.,* is not controlling in the present case.

The complaint alleges: "* * * [P]laintiff and defendant were at a public meeting presided over by the Airport Commission of the City of Madras, Jefferson County, Oregon."

The allegations in the complaint do not state or imply that the meeting of the Airport Commission was to make a quasi-judicial determination of any matter concerning plaintiff or the lease. There is no allegation that the words spoken by defendant would cause

the Airport Commission to commence a quasi-judicial proceeding. The inference is to the contrary. A public body usually does not act in a quasi-judicial capacity when it considers whether to cancel or renew a lease.

In her brief defendant suggests that a defamatory communication to an administrative body is absolutely privileged although that body is acting in a legislative or administrative capacity, rather than a judicial capacity. The general law is not to this effect.[1]

The 3 Restatement of Torts, § 598, provides:

"An occasion is conditionally [the Restatement term for 'qualified'] privileged when the circumstances induce a correct or reasonable belief that

"(a) facts exist which affect a sufficiently important public interest, and

"(b) the public interest requires the communication of the defamatory matter to a public officer or private citizen and that such person is authorized or privileged to act if the defamatory matter is true."

Prosser states the principle, "communications made to those who may be expected to take official action of some kind for the protection of some interest of the public" are protected by a qualified, not an absolute, privilege. Prosser, Torts (4th ed) 791.

Comment c. to 3 Restatement, § 598, supra, makes the distinction between communications to governmental bodies acting in a judicial capacity and communications to bodies acting in some other capacity:

"Testimony offered before investigating committees, commissions, and other bodies properly

---

[1] Lininger v. Knight, 123 Colo 213, 226 P2d 809 (1951), cited in Ramstead v. Morgan, 219 Or 383, 347 P2d 594, 77 ALR2d 481 (1959), might be construed to have language to this effect.

authorized to conduct such investigations is conditionally privileged unless the investigation is a judicial proceeding, in which case the testimony is absolutely privileged (see § 585). * * *." 3 Restatement, Torts, supra, at 262-263.

The principle stated in 3 Restatement, Torts, § 598, and in the above quotation from Prosser may have been the basis for our decision in *Ivie v. Minton*, 75 Or 483, 147 P 395 (1915). There, a committee of city councilmen was appointed to investigate charges of misconduct by city police officers. The defendant, another city councilman but not a member of the body then convened, appeared before the committee and made a public statement which defamed the plaintiff. We held:

"* * * It is true the occasion does not fall within the limits of absolute privilege, but, when we recall the fact that the committee was considering a subject of grave importance to good government and public morals, for the purpose of enlightening the city government, and thereby enabling it to secure a more efficient service, and that the defendant was at the time a councilman charged to the extent of his ability with securing for the public the best results in this direction, we cannot escape the conclusion that it was an occasion for qualified privilege."[2] 75 Or at 487.

Examples of the principle stated in 3 Restatement, Torts, § 598, supra, and the quotation from Prosser are: *Dempsky v. Double,* 386 Pa 542, 126 A2d 915 (1956) (letter by citizen defendant to the County Controller charging that plaintiff, a county employee,

---

[2] Mr. Justice Black concurring in Barr v. Matteo, 360 US 564, 579, 79 S Ct 1335, 3 L Ed2d 1434, n 4 (1959), was of the opinion, however, that Ivie v. Minton, 75 Or 483, 147 P2d 395 (1915), holds that an absolute privilege is not to be accorded communications to "inferior deliberative bodies" such as a city council.

was using county trucks for personal purposes); *Nuyen v. Slater*, 372 Mich 654, 127 NW2d 369 (1964) (letter by defendant citizen to State Health Department charging plaintiff nurse, employed by the county health department, was incompetent); *Ponder v. Cobb*, 257 NC 281, 126 SE2d 67 (1962) (letter by Republican state executive committee chairman to Governor charging fraud in elections in Madison county; plaintiffs were Madison county election officials).

The complaint alleges that plaintiff maliciously spoke the defamatory words; therefore, the complaint states a cause of action although the words may have been qualifiedly privileged.[9]

The trial court erred in sustaining the demurrer to the complaint.

Reversed and remanded.

---

[9] We express no opinion whether the words are entitled to the protection of the qualified privilege because we do not know what the evidence will be.